STATE of Missouri, Respondent,

v.

Daniel VANCE, Appellant.

No. 57493.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 11, 1990.

Mary K. Anderson, Columbia, Donald J. Hager, Farmington, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant Daniel Vance appeals from a jury conviction for stealing for which he was sentenced to one year in the county jail and a fine of $2500. We affirm.

Defendant challenges the sufficiency of the evidence to sustain the conviction. The question is whether the evidence, viewed in the light most favorable to the verdict, accepting as true all evidence and inferences that tend to support the verdict and disregarding all contrary evidence and inferences, is sufficient to support the verdict. *State v. Brown*, 660 S.W.2d 694, 699[10] (Mo. banc 1983). The reviewing court's function is not to weigh the evidence; rather, it is the jury's function to determine beyond a reasonable doubt whether defendant was guilty of the offense charged. *Id.* at 698[9].

On August 28, 1988, Kenneth and Julie Kircher did their laundry at the East End Laundromat in Potosi. Kenneth knew three other people in the laundromat: Mike Stringer, Jimmy Collins, and defendant.

After finishing their laundry, the Kirchers proceeded to drop their 1986 Ford F 150 pickup truck off at Middleton Ford to have maintenance work performed on it. Julie followed Kenneth in their other vehicle, a van, on the way to the Ford dealer. Kenneth noticed the orange and white pickup truck of Mike Stringer following behind the van all the way to the entry of the service lot. Kenneth parked the truck and left it in the lot pursuant to Middleton Ford's instructions.

The next day, August 29, 1988, Kenneth Kircher called Middleton Ford to check on the status of his truck and was informed that Middleton Ford could not locate the truck. Kenneth then reported the truck stolen to the Potosi Police Department.

On the evening of August 29, 1988, one James Fife was working at the Mobil gas station in Bourbon. Between midnight and 1 a.m. an individual entered the lot and pumped two dollars worth of gasoline into a pickup truck. The man paid for the gas, conversing briefly with Fife. He then went back out to the truck, but when a police car entered the lot the man disappeared, leaving the engine of the truck running. The vehicle was identified as the Kirchers' stolen truck. Fife subsequently identified defendant as the individual who had driven the pickup truck and left it at the gas station. Fife twice picked out defendant from an assortment of photographs, once from a lineup, and once at the preliminary hearing.

When the Kirchers went to pick up their truck after being notified it was recovered, they found a black cap on the seat that did not belong to them. Three witnesses testified that defendant had been wearing a similar black cap on the evening the truck was stolen.

At trial, defendant testified he was with his girlfriend the evening of the theft and did not leave home all night.

■ Where the evidence is circumstantial, as here, the facts and circumstances must be consistent with each other and with the hypothesis of defendant's guilt, and they must be inconsistent with his innocence and exclude every reasonable hy-

pothesis of his innocence. *State v. Goddard*, 649 S.W.2d 882, 884[2] (Mo. banc 1983), *cert. denied*, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 689 (1983). However, the circumstances do not need to be absolutely conclusive of guilt nor show the impossibility of innocence. *Id.* The mere existence of other possible hypotheses is not enough to remove the case from the jury. *Id.* Thus the State's evidence must exclude every *reasonable* hypothesis, but need not rule out *all possible* hypotheses. *State v. Priest*, 660 S.W.2d 300, 305[6] (Mo.App. 1983).

The circumstances of this case raise a reasonable inference that defendant stole the Ford pickup belonging to the Kirchers from Middleton Ford's lot in Potosi. Defendant was seen in possession of the truck the night after it was stolen. The unexplained possession of recently stolen property is in itself sufficient to support an inference of guilt. *State v. Brown*, 744 S.W.2d 809, 811[1] (Mo. banc 1988). To authorize an inference of guilt, the defendant's possession of the stolen property must not be too remote in time from the theft, and must be personal, exclusive, conscious and unexplained. *Id.* In *State v. Chunn*, 701 S.W.2d 578, 584 (Mo.App. 1985), the stolen items were still in the victim's home on June 8, 1983, and were seen in the accused's possession on June 10, 1983. The court held the jury could properly infer the accused's guilt from the evidence. The theft in this case, being twenty-four hours prior to the possession, was recent enough to support an inference of guilt. Additionally, defendant's possession of the truck was personal, exclusive, conscious and unexplained.

Possession of the recently stolen truck is not the only evidence of defendant's guilt. The jury could reasonably infer that defendant fled at the sight of the police officer. Defendant's flight was admissible to show a consciousness of guilt on his part. *State v. Kilgore*, 447 S.W.2d 544, 547[4] (Mo.1969); *State v. Chunn*, 701 S.W.2d at 585[4].

Finally, a black cap similar to one that numerous witnesses had seen appellant wearing on that evening was found when the truck was discovered. The facts and circumstances of this case were such that the jury could find defendant guilty.

Judgment affirmed.

GARY M. GAERTNER, P.J., and HAMILTON, J., concur.